J. H. MILLS, Appellant, v. JAMES A. BILLS.

**Stipulation:** SUBSEQUENT TRIALS. A stipulation entered into between the parties to an action in a justice court, reciting, that to save witnesses fees, the issue to be tried by the justice, shall be limited to a single question, applies only to the trial in that court, and on appeal from the justice's judgment, either party may file proper pleading therefor, and try any issue material to the case. .

GRANGER and GIVEN, JJ., dissenting.

*Appeal from Dallas District Court.*—HON. A. W. WIL-KINSON, Judge.

SATURDAY, APRIL 11, 1896.

THE amount involved is less than one hundred dollars, and the case comes to us on the certificate of the trial judge. The action was commenced before a justice of the peace, where the plaintiff filed a petition asking to recover sixty-five dollars and eighty-three cents, on a statement of facts showing fraudulent representations, because of which plaintiff had accepted from defendant a less amount than was due him. A fact alleged in the petition was that defendant represented to plaintiff, that one J. Ellett, who was also a creditor of defendant, had agreed to accept less than was due him, because of which plaintiff also agreed to and did accept less than his due, and that such representation was false. No answer was filed by the defendant before the justice, but from a certificate of the judge, it appears that "plaintiff and defendant made and entered into the following stipulation and agreement, which was at the time entered of record in the docket and records of the said justice of the peace, as a part of the proceeding in said cause, which stipulation and agreement was as follows, to-wit: "On

the 9th day of February, 1895, the hour for trial having arrived, the plaintiff appeared by his attorneys, Shortley & Harpel, and the defendant appeared in person, and entered into the following agreement, in open court, to-wit:   To save costs in calling witnesses, it is agreed by the parties to this case that this case shall be submitted to the court for decision upon the one question of fact, whether or not the defendant Bills, on or about the 29th day of November, 1894, represented and stated to the plaintiff that one J. Ellett (having debt against the defendant which was a lien on defendant's farm) had consented to throw off the interest on his said debt in consideration of payment and settlement; that evidence shall be introduced on this issue alone; and, if such issue is decided upon the evidence in favor of plaintiff, plaintiff shall have judgment against defendant for the sum of sixty-five dollars and eighty-three cents, otherwise judgment shall be entered against the plaintiff for costs.   Such trial shall be held at two o'clock P. M., on the ninth day of February, 1895."   It then appears that a trial was had in pursuance of the stipulation, and a judgment was entered for plaintiff, and the defendant appealed.   In the district court defendant filed an answer denying the allegations of the petition except as to the execution of a promissory note and the acceptance of a less sum than was due in payment of it.   Plaintiff moved to strike the answer from the files, because defendant was estopped, by his stipulation, to present other issues than agreed upon.   The motion was overruled, and exceptions were taken, and upon the trial of the issues in the district court there was a judgment for the defendant, from which the plaintiff appealed.—*Affirmed.*

*Shortley & Harpel* for appellant.

*H. A. Hoyt* and *White & Clarke* for appellee.

Granger, J.—The question submitted is whether or not the district court should have overruled the motion to strike from the files the answer by which the issues were changed from those stipulated. It will be observed that there was no attempt to in any way dispose of the stipulation, nor does it appear that the action of the court in permitting the answer to remain was based on any claim of fraud, mistake, or unfairness in making the stipulation. The record presents the question, as we understand it, whether as a matter of right, a party may, on appeal, disregard such a stipulation, and present new issues. We are agreed that, if the intent of the parties was that the stipulation should obtain for the purposes of the case, and not alone for the purpose of the trial before the justice of the peace, the district court could not properly permit the issues to be changed while the stipulation was in force. A majority of the members of this court construe the stipulation as applicable only to the trial before the justice. Mr. Justice Given and the writer take the other view, and regard it as a stipulation for the purposes of the case, and as controlling the issues until set aside. The views of the majority require that the judgment should stand AFFIRMED.